UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TINO PESE,<br><br>        Petitioner - Appellant,<br><br> v.<br><br>D. L. RUNNELS, Warden,<br><br>        Respondent - Appellee. | No. 09-16387<br><br>D.C. No. 3:05-cv-04199-PJH<br>Northern District of California,<br>Oakland<br><br><br>ORDER |

Before: TROTT, THOMAS, and MURGUIA, Circuit Judges.


Petitioner's Petition for Rehearing is DENIED.

The full court has been advised of the Petition for Rehearing En Banc and no judge of the court has requested a vote on the Petition for Rehearing En Banc. Fed. R. App. P. 35. Petitioner's Petition for Rehearing En Banc is also DENIED.

The memorandum disposition filed January 8, 2014, is AMENDED as follows:

On page 2, the first two sentences in the second full paragraph are deleted, so the paragraph now reads:

> Trial counsel's <u>Batson</u> objection lacked any substantive content. When asked to respond to the prosecutor's defense of his challenges, counsel's response was, "I don't have anything to say at this point."

He followed up this statement by merely arguing that the exclusion for racial reasons of one prospective juror was enough to support his challenge. Moreover, the prosecutor used only three of his fourteen strikes to challenge African Americans and, because Pese only challenges two of those strikes, the prosecutor only challenged 40% of the African American prospective jurors.

The dissent filed January 8, 2014, is also AMENDED as follows:

In the last paragraph of the dissent, the first sentence beginning with "Finally, the fact . . ." is deleted and the last sentence beginning with "I would remand to the . . ." will become the last sentence of the dissent. So the last paragraph of the dissent should read:

> Although the trial judge observed that race-neutral reasons existed for striking Cooper and Lewis, "it does not matter that the prosecutor might have had good reasons to strike the prospective jurors. What matters is the *real* reason they were stricken." *Paulino v. Castro*, 371 F.3d 1083, 1090 (9th Cir. 2004). Without the prosecutor's reasons for the strikes, the district court's comparative juror analysis is unable to compare the African-American jurors with other jurors on the basis of the prosecutor's stated reasons for striking them. *See Johnson v. Finn*, 665 F.3d 1063, 1071 (9th Cir. 2011) (the existence of race-neutral reasons for a peremptory strike "cannot negate the existence of a prima facie showing in the first instance"). I would remand to the district court to give the defendant the opportunity to hear and address the prosecutor's reasons for striking each prospective juror.

No further petitions for rehearing or rehearing en banc will be accepted.

**IT IS SO ORDERED.**